The Chief Justice
delivered the opinion of the court.
One of the reasons assigned for the reversal of the judgment is “that the justice allowed Timothy I. Darcy to appear and prosecute the cause for the plaintiff in his absence by power of attorney without any proof of the power of attorney.”
The following entry appears on the docket of the justice.’ “Plaintiff filed his slate of demand. Timothy I. Darcey ^appeared for the plaintiff by power of attorney,and was sworn as a witness on the part of the plaintiff. After hearing the evidence, the defendant not appearing, I give judgment,” &c.
By this entry it is sufficiently shewn that a power of attorney from the plaintiff authorizing Darcey to appear and prosecute the suit, was produced. Fie was sworn and examined as a witness; and we are to presume, as the con *162 trary does not appear, that he proved to the satisfaction of the justice, the due execution of the power. Eor this purpose he was a competent witness. In Carriff v. Meyers, 15 John. 246, one Barnes appeared before the justice as attorney for the plaintiff, and produced a written power purporting to be signed and sealed by him and to which the attorney was the only subscribing witness. Barnes offered himself to prove the execution of it, but was objected to by the defendant and excluded by the justice. The Supreme Court said, “as between the plaintiff and defendant, the attorney was a competent witness to prove the authority to himself to appear as attorney in the suit.” In Tullock v. Cunningham, 1 Cowen 256, and Pixley v. Butts, 2 Cowen 241, it was held that the person offering to appear for a party in a justice’s court, is a competent witness to prove his own authority.
On this ground there is no cause of reversal.
Another reason assigned is, “ that it does not appear that the hour at which the summons was returnable had arrived when the justice proceeded in the cause.”
But the converse of the proposition, that the hour had not arrived, does not appear. And the just inference from the entries on the docket is, that the hour had arrived. The justice states the day and hour at which the summons was returnable; and then after, in the margin, again naming the day, although without repeating the hour, he enters the return made by the constable to the summons, and after-wards proceeds in the manner above stated. In this way, the entry that the defendant did not appear is directly connected with the day and hour at which his appearance was required, and is a false entry if he actually appeared at that hour, or if he was not, as the justice states, then absent.
In this reason no cause for reversal appears.
Let the judgment be affirmed.
Eord, J., and Drake, J., concurred.